# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH

| | |
|---|---|
| LAWRENCE EGGLESTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MARK WAHL, SCI-WAYMART )<br>WARDEN;  DISTRICT ATTORNEY OF )<br>ALLEGHENY COUNTY, )<br>PENNSYLVANIA,  ATTORNEY )<br>GENERAL, COMMONWEALTH OF )<br>PENNSYLVANIA, )<br>)<br>Respondents. ) | 2:24-cv-00306<br><br>**ELECTRONICALLY FILED** |

## MEMORANDUM OPINION

Petitioner, Lawrence Eggleston ("Eggleston"), is a state prisoner.  Currently before the

Court is his fourth petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he

challenges the validity of his 1981 conviction that was obtained at Case No. CP-02-CR-00005125-

1980 in the Court of Common Pleas of Allegheny County. (ECF No. 1).  The Petition was received

without the filing fee or a motion for leave to proceed *in forma pauperis*.  The Court may dismiss

the petition prior to service if it plainly appears that Eggleston is not entitled to habeas relief.  That

is the case here because the instant petition is a second or successive petition and Eggleston does

not assert that he has received from the United States Court of Appeals for the Third Circuit an

order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly,

the instant petition will be summarily dismissed for lack of jurisdiction and a certificate of

appealability will be denied.  28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases

In The United States District Courts.

1

## I.      Relevant Background

On September 9, 1981,  a jury returned a verdict finding Eggleston guilty of Murder in the First Degree.  A penalty hearing was conducted on September 22, 1981, at which time the jury returned a verdict of life imprisonment.  The Superior Court affirmed the judgment of conviction on December 14, 1984, and the Pennsylvania Supreme Court denied Eggleston's Petition for Allowance of Appeal on April 24, 1985.

On October 18, 1985, Eggleston filed *pro se* a Petition under Pennsylvania's Post-Conviction Relief Act. His PCRA Petition was denied on October 6, 1995, and the Superior Court affirmed the denial of the PCRA Petition on January 13, 1997.  The Pennsylvania Supreme Court denied Eggleston's Petition for Allowance of Appeal on May 31, 1997.

On June 19, 1987, Eggleston filed his first federal Petition for Writ of Habeas Corpus in this Court, which was docketed at Civil Action No. 87-1388, claiming he was being denied due process because of inordinate delay.  On August 12, 1987, a Magistrate Judge filed a Report and Recommendation recommending that the Petition be denied as Eggleston had not exhausted the issue as it had not been presented to the state courts prior to proceeding in federal habeas corpus. On September 18, 1987, the District Court dismissed the petition and adopted the Report and Recommendation filed on August 12, 1987, as the opinion of the court.  (See attached Exhibit 1 - Report and Recommendation and Opinion; Civil Action No. 87-1388).

On March 30, 1998, Eggleston filed a second federal Petition for Writ of Habeas Corpus in this Court, which was docketed at Civil Action No. 98-0596.  On November 30, 1998, the Magistrate Judge filed a Report and Recommendation recommending that the Petition be dismissed without prejudice because it contained both exhausted and unexhausted claims.

Eggleston thereafter moved to withdraw his Petition without prejudice and on February 4, 1999, the motion was granted.  (See attached Exhibit 2 - Civ. Act. No. 98-0596, ECF No. 21).

On January 12, 2000, Eggleston filed a third Petition for Writ of Habeas Corpus in this Court, which was docketed at Civil Action No. 00-0102, raising an ineffective assistance of trial counsel claim (with five sub-parts), an after discovered evidence claim, and a due process claim contending that the trial jury was never sworn in and consequently no valid judgment existed. Eggleston's judgment of conviction became final in 1984, long before the effective date of AEDPA, April 24, 1996.  In *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1999), the Court of Appeals for the Third Circuit held that AEDPA's one-year limitations period became effective on the date of the AEDPA statute, i.e., April 24, 1996. Consequently, the Court of Appeals held that "habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with § 2244(d)(1)'s time limit."

Eggleston's third petition, however, was not filed until January 12, 2000. Both the Magistrate Judge and the District Judge found that Eggleston's petition was untimely.  (See attached Exhibit 3 - Civ. Act. No. 00-cv-102, ECF Nos. 13 and 14).  The Report noted that it did not appear from the record that Eggleston had attempted to present any of his unexhausted claims to the Pennsylvania state courts after his motion to withdraw had been granted on February 4, 1999.

On March 5, 2013, Eggleston filed an application under 28 U.S.C. § 2244 for leave to file a second or successive petition with the Court of Appeals for the Third Circuit.  *See* Third Circuit Court of Appeals Case No. 13-1578.  On March 28, 2013, the Court of Appeals denied the application, finding that

> Eggleston does not seek to challenge his judgment of conviction or sentence in reliance on a new rule of constitutional law.  He also does not meet his burden to

show that the factual predicate for his claims "could not have been discovered previously through the exercise of due diligence," and that the facts underlying his claims, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B)(i-iii).

Order, March 28, 2013 (See attached Exhibit 4 - CTA3 Case No. 13-1578).

Now, almost eleven years after his application to file a second or successive petition was denied, Eggleston has filed the instant fourth petition, again challenging his conviction at Case No. CP-02-CR-00005125-1980.  He now raises a new ground for relief:

Petitioner's pre-trial proceedings were conducted by and held before a deputy coroner, ten years after the 1968 Pennsylvania Constitutional Amendment stripped coroners of their power to act as a committing magistrate.

Pet., at ¶ 12.[1]

## II.      Standard of Review

Federal district courts have a duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.     Discussion

As discussed, this is Eggleston's fourth habeas petition filed in this Court.  The first petition was voluntarily withdrawn, the second petition was dismissed without prejudice as it contained

---

[1]      Prior to filing this federal petition, Eggleston filed *pro se* a PCRA petition in January 2023 raising this same issue.  The PCRA court dismissed the petition as untimely on February 15, 2023, and on January 18, 2024, the Superior Court of Pennsylvania affirmed the dismissal of the PCRA court's dismissal of the petition.  *See* ECF No. 1-1.

both exhausted and unexhausted claims, and the third petition was dismissed with prejudice as it was found to be untimely. Consequently, the Court must first address whether it has jurisdiction over the instant fourth Petition.

AEDPA limits a district court's jurisdiction over second or successive § 2254 petitions. Specifically, § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

The term "second or successive" under § 2254 has a specific definition. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). A petition is not second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Subject to exceptions not relevant here, a petition is second or successive if: (1) a court decided an earlier petition on the merits; (2) the prior and new petitions challenge the same conviction; and (3) the petitioner could have raised the new claims in the earlier petition. *See United States v. Irizarry*, No. 00-333, 2014 WL 7331940, at *3 (D.N.J. Dec. 18, 2014); *Candelaria v. Hastings*, No. 12-3846, 2014 WL 2624766, at *3 (D.N.J. June 12, 2014) (listing exceptions); *see also Benchoff*, 404 F.3d at 817.

If a § 2254 petition is second or successive, the filing of such a petition is only permissible under narrow circumstances, specifically:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The Court denied Eggleston's third § 2254 petition as untimely under AEDPA's one year limitation period. Courts have held "that the dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition 'second or successive.'" *Taylor v. Bonds*, No. 17-7270, 2017 WL 6514603, at *2 (D.N.J. Dec. 20, 2017) (listing cases); *see also Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013). Next, both the third petition and the instant petition challenge Eggleston's conviction at Case No. CP-02-CR-00005125-1980. Finally, Eggleston could have raised the issue he raises in the instant petition well before he filed his third § 2254 petition in 2000.

Accordingly, the instant Petition is second or successive, and Eggleston does not allege, nor does it appear, that he has received permission from the Court of Appeals for the Third Circuit to file a second or successive habeas petition. As a result, the petition will be dismissed as this Court does not have jurisdiction over the instant case. 28 U.S.C. § 2244(b)(3)(A).

In such a situation, this Court may "if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was

filed." 28 U.S.C. § 1631. The Court finds that it is not in the interest of justice to transfer this case to the Court of Appeals as it does not appear that Eggleston's claim falls within the narrow grounds for filing a second or successive petition. 28 U.S.C. § 2244(b)(2). Consequently, the Petition will be dismissed for lack jurisdiction.[2] The dismissal of this case does not prevent Eggleston from seeking authorization directly from the Court of Appeals for the Third Circuit.

## IV.    Certificate of Appealability

Reasonable jurists would agree that Eggleston has not shown that he obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive habeas corpus petition.  Reasonable jurists would also agree that this Court lacks jurisdiction and authority to consider the second or successive habeas petition without proof of such leave.  Accordingly, a certificate of appealability will be denied.

## V.    CONCLUSION

For these reasons, the instant petition will be summarily dismissed for lack of jurisdiction and a certificate of appealability will be denied.

An appropriate Order will issue.

s/Arthur J. Schwab
United States District Judge

Dated:  March 20, 2024

cc:    LAWRENCE EGGLESTON
       AP-6355
       SCI WAYMART
       P.O. Box 256
       Waymart, PA 18472
       (via U.S. First Class Mail)

---

[2]    This Report and Recommendation should not be read as a comment upon the merits of any claim that Eggleston could raise in a second or successive habeas petition challenging his judgment of sentence, or whether such a petition would be subject to dismissal on other grounds.

# EXHIBIT 1

RECEIVED

AUG 13 1987

BY *MuS*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE EGGLESTON,        )
                 Petitioner )
                           )
       vs.                 )     Civil Action No. 87-1388
                           )
GEORGE PETSOCK, Superintendent, )
Respondent AND The Attorney )
General of the Commonwealth of )
Pennsylvania, Additional   )
Respondent                 )

MAGISTRATE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

        It is recommended that the petition be dismissed and
that a certificate of probable cause be denied.

II.   REPORT

        Petitioner is a prisoner presently incarcerated at the
State Correctional Institution at Pittsburgh, Pennsylvania, and
he brings this habeas corpus action under 28 U.S.C. Section 2254,
challenging his conviction of criminal homicide, robbery and
violation of the Uniform Firearms Act and his sentence of life
imprisonment imposed before the Court of Common Pleas of
Allegheny County, Pennsylvania, at Criminal Docket No. CC8005125
and CC8005875 on December 9, 1982.  Petitioner appealed his con-
viction to the Superior Court asserting he had been denied effec-
tive assistance of counsel.  The Superior Court affirmed on
December 14, 1984.  The Supreme Court of Pennsylvania denied

COMMONWEALTH EXHIBIT 17

his petition for allowance of appeal on April 24, 1985. Petitioner then filed a Post Conviction Hearing Act petition on October 18, 1985. That petition was denied by Judge McGregor on November 25, 1986. Petitioner filed a _pro se_ notice of appeal to the Superior Court on December 4, 1986. His attorney, John Halley, filed a notice of appeal on December 18, 1986. Petitioner's _pro se_ notice of appeal was dismissed on February 13, 1987, since a notice of appeal had been filed by counsel. Petitioner claims he is entitled to relief because he claims he is being denied due process as the Commonwealth has failed to pursue his appeal in the state court. Petitioner claims that no action has been taken by his attorney, John Halley, to pursue his appeal.

Prior to proceeding in federal habeas corpus, a state prisoner must present his federal constitutional issues to the highest court of the state. 28 U.S.C. Section 2254(b) and (c); _Picard_ v. _Connor_, 404 U.S. 270 (1971). In _Schandelmeier_ v. _Cunningham_, ____ F.2d ____ (3d Cir. December 2, 1986), the court specifically held that where a habeas petitioner bases his petition upon delay in the state courts he must present that issue to the state courts prior to proceeding in federal habeas corpus. Petitioner has not presented to the courts of the Commonwealth of Pennsylvania his claim that he is being denied due process by delay in disposition of his appeal by the Superior Court. It is further noted that the district attorney has advised Judge

-2-

McGregor of the need for him to file an opinion so that
petitioner's appeal may proceed before the Superior Court.  Since
petitioner has not exhausted available state court remedies as to
the issue he is presenting to this court, it is recommended that
the petition be dismissed and that a certificate of probable
cause be denied.

In accordance with the Magistrates Act, 28 U.S.C.
Section 636(b)(1)(B) and (C), and Rule 4 of the Local Rules for
Magistrates, the parties are allowed ten (10) days from the date
of service to file objections to this report and recommendation.

ILA JEANNE SENSENICH
Chief U.S. Magistrate

Dated:  August 12, 1987

cc:  The Honorable Hubert I. Teitelbaum, Senior Judge
     United States District Court

     Lawrence Eggleston, P-6355
     P.O. Box 99901
     Pittsburgh, PA    15233

     Michael W. Streily
     Assistant District Attorney
     401 Allegheny County Court House
     Pittsburgh, PA    15219

     Attorney General's Office
     4th Floor, Manor Complex
     564 Forbes Avenue
     Pittsburgh, PA    15219


     CERTIFIED MAIL, RETURN RECEIPT REQUESTED

-3-

RECEIVED

SEP 11 1987

BY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE EGGLESTON,                )
                    Petitioner     )
                                   )
              vs.                  )        Civil Action No. 87-1388
                                   )
GEORGE PETSOCK, Superintendent,    )
Respondent AND The Attorney        )
General of the Commonwealth of     )
Pennsylvania, Additional           )
Respondent                         )

MEMORANDUM ORDER

        Petitioner's petition for writ of habeas corpus was
received by the Clerk of Court on June 22, 1987, and was referred
to Chief United States Magistrate Ila Jeanne Sensenich for report
and recommendation in accordance with the Magistrates Act,
28 U.S.C. Section 636(b)(1), and Rules 3 and 4 of the Local Rules
for Magistrates.

        The magistrate's report and recommendation, filed on
August 12, 1987, recommended that the petition be dismissed and
that a certificate of probable cause be denied.  The parties were
allowed ten (10) days from the date of service to file objec-
tions.  Service was made on petitioner on August 13, 1987, by
delivery to the State Correctional Institution at Pittsburgh,
where he is incarcerated and on respondents on August 13, 1987.
No objections have been filed.  After review of the pleadings and
documents in the case, together with the report and recommen-
dation, the following order is entered:

COMMONWEALTH EXHIBIT 18

AO 72A
(Rev. 8/82)

AND NOW, this __/0__ day of September, 1987;

IT IS HEREBY ORDERED that the petition is dismissed.

IT IS FURTHER ORDERED that a certificate of probable cause is denied.

The report and recommendation of Magistrate Sensenich, dated August 12, 1987, is adopted as the opinion of the court.

_____
HUBERT I. TEITELBAUM, Senior Judge
United States District Court

cc:   Ila Jeanne Sensenich
      Chief U.S. Magistrate

      Lawrence Eggleston, P-6355
      P.O. Box 99901
      Pittsburgh, PA   15233

      Michael W. Streily
      Assistant District Attorney
      401 Allegheny County Court House
      Pittsburgh, PA   15219

      Attorney General's Office
      4th Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, PA   15219

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE EGGLESTON,          )
                Petitioner   )
                             )
        vs.                  )   Civil Action No. 98-596
                             )   Judge Robert J. Cindrich/
JAMES PRICE, Respondent; and )   Magistrate Judge Sensenich
THE ATTORNEY GENERAL OF THE  )
COMMONWEALTH OF PENNSYLVANIA, )
Additional Respondent.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

        It is recommended that the Petition for a Writ of Habeas
Corpus be dismissed, and that a certificate of appealability be
denied.

II.  REPORT

        Petitioner, Lawrence Eggleston, filed this Petition for
a Writ of Habeas Corpus in accordance with 28 U.S.C. § 2254.  He is
challenging his conviction in the Court of Common Pleas of
Allegheny County, Pennsylvania, for Murder in the First Degree and
related convictions for which he is presently serving a life
sentence.[1]  The Commonwealth has answered the petition and argues
that it should be dismissed because it contains both exhausted and
non-exhausted claims.[2]  A review of the record and relevant law

---

[1]   Pet. ¶¶ 1,4 and 5.

[2]   Doc. No. 15 at 15.

COMMONWEALTH EXHIBIT 36

reveals that this is a mixed petition and should be dismissed in accordance with <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

### Procedural History

Petitioner was charged at CC No. 8005125A in the Court of Common Pleas of Allegheny County with one count of Criminal Homicide.[3]   Petitioner was also charged at CC No. 8005875A with one count of robbery and one count of Firearms Not to be Carried Without a License.[4]   He was found guilty by a jury of Murder in the First Degree, robbery and the firearms violation on September 1, 1981.[5]   Petitioner was sentenced to life imprisonment.[6]

On September 24, 1981, Petitioner, through counsel Frank E. Reilly of the Office of the Public Defender, filed a Motion for New Trial and in Arrest of Judgment.[7]   The trial judge granted the Office of the Public Defender leave to file additional reasons to support the motion after reviewing the transcript.[8]   Consequently, on October 1, 1981, a second Motion for a New Trial and/or Arrest of Judgment was filed.   This motion was filed by

---

[3]   Commw. Ex. 24.

[4]   <u>Id.</u>

[5]   <u>Id.</u>

[6]   Commw. Ex. 13 at 2.

[7]   Commw. Ex. 1.

[8]   <u>Id.</u>

2

private attorney Paul Gettleman, who also filed a Supplemental Motion for a New Trial and/or Arrest of Judgment.[9]  On October 18, 1982, the trial court denied Petitioner's Motion for a New Trial and Supplemental Motion for New Trial.[10]

Petitioner filed an Appeal from Judgment of Sentence entered December 9, 1982 with the Pennsylvania Superior Court.[11] He raised the following claim in this appeal:

> I.  Was the [Petitioner] denied effective assistance of counsel when trial counsel failed to request an instruction on 'mere presence at the scene' when that was the total basis of the defense, when trial counsel introduced evidence of the co-defendant's conviction and when trial counsel did not object to prosecutor questioning [Petitioner] about pre-arrest silence?[12]

The Superior Court affirmed the judgment of sentence by memorandum and per curiam order dated December 14, 1984.[13]

Petitioner filed a timely Petition for Allowance of Appeal with the state Supreme Court.[14]  He raised the following claim:

---

[9]   Commw. Exs. 2 and 3.

[10]   Commw. Ex. 4.

[11]   Commw. Ex. 5.

[12]   Id. at 2.

[13]   Commw. Ex. 6.

[14]   Commw. Ex. 7.

3

I.     Whether the petitioner was denied
effective assistance of counsel?[15]

The state Supreme Court denied the Petition for Allowance of Appeal

by per curiam order dated April 24, 1985.[16]

On December 13, 1985, Petitioner filed a pro se Petition

under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541, et seq.

("PCHA").[17]  He raised the following claims:

> (1) Trial Counsel and Post-Trial Counsel
> were Ineffective When They Failed to Raise
> and Preserve The Challenging of Probable
> Cause for Petitioner's arrest.
>
> (2) Trial Counsel Was Ineffective When He
> Postponed   Petitioner's   Trial   Against
> Petitioner's Desires.  Post-Trial counsel
> was  equally  ineffective  for  failing  to
> preserve issue.
>
> (3) Trial Counsel was ineffective in Failing
> to File Ominous [sic] Pre-Trial Motion to
> suppress   Petitioner's   Taped   Recorded
> Statement.
>
> Post-Trial counsel was equally infective
> [sic] in failing to argue and/or preserve
> issue.
>
> (4) Trial counsel was ineffective in failing
> to file Ominbus [sic] Pre-Trial Motion To
> supresse  [sic]  the  identification  of
> Commonwealth's witness Maurice Roberts.
>
> Post-Trial counsel was equally ineffective
> in    failing    in    failing    [sic]    to
> argue/preserve said issue.

---

[15]   Id. at 3.

[16]   Commw. Ex. 8.

[17]   Commw. Ex. 9.

(5) Trial Counsel was ineffective When He
failed to Afford Petitioner With Due Process
in the right of confrontation of witnesses
against him.

Post-trial counsel was equally ineffective
in failing to argue/preserve said issue.

(6) Post-trial counsel was ineffective when
he failed to preserve the ruling of Judge
Ross in denying Petitioner's pre-trial
application without affording a hearing.

(7) Post-trial counsel was ineffective when
he failed to preserve for appeallate [sic]
review the issue of the jury being exposed
to the case, and discussing it amongst
[sic] themselves before the trial was over.

(8) Post-trial counsel was ineffective when
he failed to preserve the issue concerning
portions of Petitioner's statement which
referred to him being on parole and
convicted of a previous robbery.[18]

The trial court denied the PCHA petition by order dated
November 25, 1986.[19]   Petitioner appealed this decision to the
Superior Court, raising the following claims:

I.   Whether lower court erred in denying
[Petitioner's] petition for post conviction
relief in November, 1986?

II.   Whether trial counsel was ineffective
in failing to include in post-trial motions
all issues proper for appeal and preserved
at trial?

III.   Whether appellate counsel was
ineffective in failing to include in his

---

[18]   Id. at 3.

[19]   Commw. Ex. 10.

> appeal all issues raised in the lower
> court?[20]

The Superior Court affirmed the judgment of the trial court by

order and memorandum dated March 1, 1988.[21] That court also granted

counsel leave to withdraw.[22] It does not appear that an appeal from

the judgment of the Superior Court was made on Petitioner's behalf

to the state Supreme Court.

On January 8, 1993, Petitioner, through counsel

David O'Hanesian, filed a Motion for Post-Conviction Relief

("PCRA"), 42 Pa.C.S. § 9541, et seq.[23] He raised the following

claims:

> In previous proceedings he had claimed
> that trial counsel was ineffective for
> failing to raise the issue of lack of
> probable cause to arrest him based on
> statements of Anthony G. Eberhardt, who was
> not reliable. He now had evidence that
> Eberhardt had perjured himself when he
> implicated petitioner. Counsel submitted an
> affidavit by Eberhardt and asserted that it
> would have affected the outcome of the
> trial[24]
>
> 11. a. Post-trial counsel was ineffective
> in failing to raise the issue of Judge
> George H. Ross denying Petitioner's pre-
> trial application to suppress his statement

---

[20]   Commw. Ex. 12 at 1.

[21]   Commw. Ex. 13.

[22]   Id.

[23]   Commw. Ex. 15.

[24]   Id. ¶¶ 6, 7, and 9.

and identification in a photo array. In
fact, post-trial counsel in his reasons in
support of his motion for a new trial in
front of Judge James R. McGregor mistakenly
set forth that these motions had been made
before Judge McGregor when they had been
made before Judge Ross.

11. b.   Post-trial counsel was ineffective
in failing to preserve the issue concerning
Petitioner's statement to the police which
referred to the fact that Petitioner was on
parole from a robbery conviction when he was
arrested. This prejudicial information was
heard by the jury.[25]

Petitioner, through counsel O'Hanesian, filed a Supplemental Motion

for Post Conviction Relief on August 27, 1993,[26] raising the

following claims:

13.   Trial counsel was ineffective in
failing to object to the introduction of
evidence of Anthony G. Eberhadts' statement
to the District Attorney, which implicated
the Petitioner in the crime but denied the
Petitioner the right to cross-examine
Eberhardt because he was not called as a
witness at trial. . . .

14.   Trial counsel was ineffective in
failing to call Anthony G. Eberhardt as a
witness in the Petitionrers [sic] case
because Eberhardt would have disavowed
implicating the Petitioner in the crime.[27]

---

[25]   Id. ¶¶ 11. a. and 11. b.

[26]   Commw. Ex. 16.

[27]   Id. ¶¶ 13 and 14.

7

On October 6, 1995, the trial court denied Petitioner's PCRA petition.[28]

Petitioner, through counsel Shirley Novak, appealed this decision to the Pennsylvania Superior Court.[29] He raised the following claims:

> I. Is a co-defendant's exculpatory statement made subsequent to trial, considered after discovered evidence cognizable under the post-conviction relief act?
>
> II. Was trial counsel ineffective for failing to discover exculpatory evidence?
>
> III. Was prior counsel ineffective for failing to raise as error that the jury was never sworn to try the [Petitioner]?[30]

On January 13, 1997, the Superior Court affirmed the judgment of the trial court which denied the PCRA.[31] Petitioner, again through Shirley Novak, appealed this decision to the state Supreme Court[32] by raising the following claims:

> I. Is a co-defendant's exculpatory statement made subsequent to trial, considered after discovered evidence cognizable under the post-conviction relief act?

---

[28]   Commw. Ex. 18.

[29]   Commw. Ex. 19.

[30]   Id. at 3.

[31]   Commw. Ex. 20.

[32]   Commw. Ex. 21.

8

> II.   Was  trial  counsel  ineffective  for
> failing to discover exculpatory evidence?
>
> III.   Was  prior  counsel  ineffective  for
> failing to raise as error that the jury was
> never sworn to try the [Petitioner]?[33]

On May 21, 1997, the state Supreme Court denied the appeal by per

curiam order.[34]

### Claims Presented in Federal Habeas Petition

Petitioner raises the following claims in his federal

habeas petition:

> 1.   In the Post Conviction Hearing held
> concerning, then trial counsel Frank Reilly
> failing to interview then call as a witness,
> Anthony G. Eberhardt based on his statement
> [Petitioner refers to exhibit "A" to the
> petition].
>
> 2.   Petitioner states he was denied his
> Constitutional Rights pursuant to the Fifth,
> Sixth,  and Fourteenth Amendment when at
> trial,  counsel  failed  to  object  to
> prosecutorial failure to produce its key
> witness  (and basis for probable cause)
> Anthony G. Eberhardt, to testify and for
> cross-examination as this witness provided
> the  arresting  dectectives  [sic]  with
> information leading to probable cause for
> arrest, trial, and ultimate conviction of
> the  petitioner.   This  further  will
> constitute illegal suppression of evidence
> by the Commonwealth, especially given the
> fact that the witness on which probable
> cause is based is not credible.

---

[33]   Id. at 4.

[34]   Commw. Ex. 22.

3.    Petitioner next contends that he was denied his Constitutional Rights under the Fifth, Sixth, and Fourteenth Amendment, as the Commonwealth produced hear-say [sic] evidence at trial that was not objected to by trial counsel.

4.    The petitioner next contends, that hee [sic] was denied his Constitutional Rights pursuant to Fifth, Sixth, and Fourteenth Amendment in that the Commonwealth failed to produce its key witness, Anthony Eberhardt in court for purpose of the ability of petitioner to confront and cross-examine him.

5.    Subsequent to his trial co-defendant Anthony Eberhardt sponteneously [sic] submitted a noterized [sic] statement which exhonorated [sic] the petitioner Larry Eggleston.

6.    The petitioner contends that trial counsel was ineffective for failing to raise as error that the jury was never sworn to try the petitioner.

7.    The petitioner states that Shirley Novak, appointed to the petitioner to represent him in the Pennsylvania Supreme Court failed to raise issues petitioner requested (except for the non-sworn jury issue)(non-jury issue was raised from Superior to Supreme) and therefore is ineffective counsel.[35]

Discussion

        The Commonwealth mistakenly identifies Petitioner's claims as those attached to paragraph twelve of the Petition. Paragraph twelve identifies issues Petitioner claims he presented

_____

    [35]  Pet. at 5(c)-(l).

in proceedings other than his direct appeal.  The claims presented in the instant petition are listed in paragraph thirteen and the pages Petitioner attached to that paragraph.  Although many of the claims are similar, they are not identical.

Review of the claims raised in this Petition and those raised before the state courts shows that the first question which this Court must address is whether Petitioner has exhausted his available state court remedies.  Wise v. Fulcomer, 958 F.2d 30, 33 (3d Cir. 1992) (prior to addressing merits, the court must first address threshold inquiries including abuse of the writ, exhaustion, and procedural default.)

### Exhaustion

A federal court may not grant an application for writ of habeas corpus by a state prisoner until he has exhausted available state remedies.  28 U.S.C. § 2254(b) and (c).  "To satisfy the exhaustion requirement the petitioner must present every claim raised in the federal petition to each level of the state courts." Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996) (citing Picard v. Conner, 404 U.S. 270 (1971)); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(petition for cert. filed (U.S. Apr. 23, 1998) (No. 97-8812).  Exhaustion does not require that the highest court rule on the merits of a petitioner's claims; it does, however, require that the state court be given a fair opportunity to review them.  Doctor, 96 F.3d at 678; Burkett v.

11

Love, 89 F.3d 135, 138 (3d Cir. 1996); Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989).   A petitioner has not exhausted his available state remedies as long as "he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).   Yet, "[a] petitioner who has raised an issue on direct appeal, . . . is not required to raise it again in a state post-conviction proceeding." Lambert, 134 F.3d at 513 (citing Evans v. Court of Common Pleas, Delaware County, Pennsylvania, 959 F.2d 1227, 1230 (3d Cir. 1992)).   Petitioner bears the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989).

### Exhaustion Analysis

Petitioner asserts at Claim Seven that his PCRA appellate counsel, Shirley Novak, was ineffective for failing to present issues to the state Supreme Court as he requested.   Petitioner has the right to effective assistance of counsel on his first direct appeal from his criminal conviction.   Evitts v. Lucey, 469 U.S. 387, 398 (1985).   Attorney Novak undertook representation of Petitioner at the appellate stage of his second PCRA.   She filed a brief raising three claims before the Superior Court,[36] and she filed a Petition for Writ of Allocatur in the state Supreme Court

---

[36]   Commw. Ex. 19 at 2.

raising the same three claims.[37] Petitioner does not identify exactly which claims he sought to have raised that attorney Novak failed to include. Nonetheless, Petitioner is not entitled to counsel on post collateral attacks to his conviction. <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991)(citing <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555-57 (1987)). Consequently, there is no Sixth Amendment right to effective assistance of counsel in state post-conviction proceedings. <u>Coleman</u>, 501 U.S. at 752; <u>Tillett v. Freeman</u>, 868 F.2d 106, 108 (3d Cir. 1989). Because Petitioner does not have a right to counsel for purposes of collateral attacks, he bears the risk of a failure of counsel to raise his claims. <u>Coleman</u>, 501 U.S. at 752-53. Thus, the failure of Petitioner's second post-conviction counsel to raise his claims does not excuse his failure to exhaust his state court remedies.

In his direct appeals from his criminal conviction, Petitioner challenged the effective assistance of trial counsel as to a jury instruction, allowing the introduction of a co-defendant's conviction, and failure to object to Petitioner's pre-arrest silence.[38] These claims are not raised in the federal habeas petition. Thus, questions of exhaustion of the issues presented in this petition must be resolved by turning to Petitioner's two collateral attacks.

---

[37] Commw. Ex. 21.

[38] Commw. Ex. 5 at 2.

13

As to his first PCHA petition, the decision of the Superior Court denying relief was not appealed to the Pennsylvania Supreme Court.[39]  PCHA counsel was permitted to withdraw after pursuing the appeal in the Superior Court.[40]  Petitioner did not pursue an appeal pro se or seek other counsel.  Thus, the claims raised in the first PCRA petition can not satisfy the requirements of exhaustion because the claims were not presented to each level of the state courts for review.  Doctor, 96 F.3d at 678.

In his second PCRA petition, Petitioner presented the following claims on appeal to both the Superior and state Supreme Courts:  1) the after discovered exculpatory statement of his co-defendant, Anthony Eberhardt, 2) ineffectiveness of trial counsel for failure to discover the exculpatory statement, and 3) the failure to swear the jury.

### Claims One, Five and Six

Claim One challenges the effectiveness of trial counsel, Frank Reilly, for his failure to interview Eberhardt.  This was presented as the second claim to both appellate courts in the second PCRA, and thus is exhausted.  Claim Five, the exculpatory statement by Anthony Eberhardt, was also raised as the first claim in the second PCRA and subsequent appeals and is thus exhausted.

---

[39]  Commw. Exs. 9-14.

[40]  Commw. Ex. 13 at 7.

14

Petitioner has satisfied the requirements of exhaustion as to Claim
Six (jury not sworn) of this habeas petition by raising it as the
third and final claim in the appeals for his second PCRA petition.
Based on the record, Claims One, Five and Six satisfy the
requirements of exhaustion.

### Claims Two, Three, Four and Seven

Claim Seven has not been addressed by the state courts,
but it involves the effectiveness of counsel who represented
Petitioner in his second collateral attack, and thus does not raise
a constitutional claim.   Claim Two, as presented by Petitioner,
addresses more than his Sixth Amendment right to effective
assistance of counsel as to the failure to discover the exculpatory
statement, because the claim also questions the existence of
probable cause for his arrest.   The second part of this claim was
not presented in the second PCRA appeals.   Claim Three challenges
trial counsel's failure to object to hearsay evidence.   This claim
was not raised in the state courts during the second PCRA.   Claim
Four, the Commonwealth's failure to produce Anthony Eberhardt for
purposes of confrontation has not been presented to the state
courts.   Thus, Petitioner has failed to satisfy the requirements of
exhaustion with respect to Claims Two, Three and Four.   He also has
not satisfied the exhaustion requirement as to Claim Seven, but
this claim does not allege a violation of his federal
constitutional rights.   Accordingly, Petitioner has failed to

15

exhaust his state court remedies as to Claims Two, Three, Four and Seven.

### Excusing Exhaustion

The total exhaustion requirement allows for exceptions when the non-exhausted claims are procedurally barred from further review in state court. <u>Toulson v. Beyer</u>, 987 F.2d 984, 986-87 (3d Cir. 1993). To excuse exhaustion, "state law must clearly foreclose state court review of unexhausted claims." <u>Toulson</u>, 987 F.2d at 987 (citing, <u>Gibson v. Scheidemantel</u>, 805 F.2d 135, 139 (3d Cir. 1986)).

> If federal law is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings.

<u>Doctor</u>, 96 F.3d at 681.

In <u>Banks v. Horn</u>, 126 F.3d 206 (3d Cir. 1997), the court reversed and remanded to the district court to dismiss the petition without prejudice as mixed, determining that although some of the petitioner's claims would appear to be procedurally barred, that determination should be made by the state courts. The court of appeals stated:

> [I]n the absence of a state court decision indicating that a habeas corpus petitioner

16

> is clearly precluded from state court
> relief, the district court should dismiss
> the claim for failure to exhaust even if it
> is not likely that the state court will
> consider petitioner's claim on the merits.

Banks, 126 F.3d at 211 (citing Toulson, 987 F.2d at 988-89).  Thus,

the Court of Appeals requires that a federal habeas petitioner must

first raise his claims in the state court, even if it appears that

the claims are procedurally barred.   Banks, 126 F.3d at 213.   No

state court has precluded Petitioner from relief based on his

failure to pursue Claims Two, Three, Four and Seven in his second

PCRA.   Therefore, Petitioner has not exhausted his state court

remedies as to these claims.

### Mixed Petition

Petitioner has presented a federal petition containing

both exhausted and non-exhausted claims which is considered to be

a 'mixed petition.' Rose v. Lundy, 455 U.S. 509, 521-22 (1982).

A section 2254 habeas petition which contains any non-exhausted

claims "must be dismissed without prejudice for failure to exhaust

all state created remedies." Doctor v. Walters, 96 F.3d 675, 678

(3d Cir. 1996).   The exhaustion requirement is to be "rigorously

enforced." Rose, 455 U.S. at 518.

Petitioner has presented both exhausted and non-exhausted

claims in his federal petition.   Accordingly, it is recommended

that the Petition for a Writ of Habeas Corpus be dismissed, without

17

prejudice, for Petitioner's failure to satisfy the requirements of exhaustion.

### Certificate of Appealability

Title 28 U.S.C. § 2253, which was enacted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, codifies the standards governing the issuance of a certificate of appealability from an order denying a habeas petition. Amended section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996), cert. denied, 117 S.Ct. 1114 (1997).

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right" as to each issue for which issuance of the certificate is sought. 28 U.S.C. § 2253(c)(2); Santana v. U.S., 98 F.3d 752, 757 (3d Cir. 1996). The AEDPA made no substantive changes in the "substantial showing" standard by which a certificate of appealability, formerly a certificate of probable cause, is governed. Cox v. Norris, 133 F.3d 565, 569 n.2 (8th Cir. 1997), petition for cert. filed, (U.S. May 5, 1998) (No. 97-9013); Tiedeman v. Benson, 122 F.3d 518, 521 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issue differently, or

18

the issues deserve further proceedings." Cox, 133 F.3d at 569.  See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (quoting Gordon v. Willis, 516 F. Supp. 911, 913 (N.D. Ga. 1980)) (standard used for certificates of probable cause).

Here, Petitioner has failed to satisfy the requirements of exhaustion; thus he cannot make a substantial showing of the denial of a constitutional right.  Therefore, it is recommended that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

ILA JEANNE SENSENICH
U.S. Magistrate Judge

Dated:  November 30, 1998

cc:  The Honorable Robert J. Cindrich
     United States District Judge

     Lawrence Eggleston, AP-6355
     S.C.I. Pittsburgh
     P.O. Box 99901
     Pittsburgh, PA  15233
     (Certified Mail, Return Receipt Requested)

19

Stephen A. Zappala, Jr.
Russell K. Broman
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA   15219

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FEB 08 1999

DISTRICT ATTORNEY'S OFFICE
APPEALS/POST CONVICTIONS

LAWRENCE EGGLESTON,                )
                          Petition )
                                   )
    vs.                            ) Civil Action No. 98-596
                                   ) Judge Robert J. Cindrich/
JAMES PRICE,                       ) Magistrate Judge Sensenich
                        Respondent )

ORDER

AND NOW, this _4_ day of ___Feb.___, 1999;

The Petitioner having filed a traverse dated July 31, 1998 with a motion to withdraw his

federal petition for writ of habeas corpus without prejudice within the traverse;

IT IS HEREBY ORDERED that petitioner's motion to withdraw his federal petition for

writ of habeas corpus, without prejudice is granted.

Robert J. Cindrich
U.S. District Judge

cc:    Lawrence Eggleston, AP-6355
       SCI Pittsburgh
       P.o. Box 99901
       Pittsburgh, PA 15233

       Russell K. Broman,
       Assistant District Attorney
       Office of the District Attorney
       401 Allegheny County Courthouse
       Pittsburgh, PA 15219

COMMONWEALTH EXHIBIT 38

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE EGGLESTON,      )
              Petitioner      )
                      )      Civil Action No. 00-102
      vs.              )      Judge Robert J. Cindrich/
                      )      Magistrate Judge Sensenich
JOSEPH CHESNEY, Superintendent,  )
            Respondent.      )

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is recommended that the Petition for Writ of Habeas
Corpus be dismissed as untimely and that a certificate of
appealability be denied.

II.  REPORT

Petitioner, Lawrence Eggleston, filed this Petition for
Writ of Habeas Corpus in accordance with 28 U.S.C. § 2254.  He
is challenging his conviction in the Court of Common Pleas of
Allegheny County, Pennsylvania, for Murder in the First Degree
and related convictions for which he is presently serving a life
sentence.  For the reasons that follow, the Petition should be
dismissed because it was filed outside the one-year limitations
period provided for in 28 U.S.C. § 2244(d).

**A.  Relevant Procedural History**

Petitioner was charged at CC No. 8005125A in the Court of
Common Pleas of Allegheny County with one count of Criminal
Homicide.  He was also charged at CC No. 8005875A with one count

of Robbery and one count of violation of the Uniform Firearms Act.  On September 10, 1981, a jury found him guilty of one count each of Murder in the First Degree, Robbery and Firearms Not to be Carried Without a License.  On September 22, 1981, a penalty hearing was conducted and the jury returned a verdict of life imprisonment.

On September 24, 1981, Petitioner, through counsel Frank E. Reilly of the Office of the Public Defender, filed a Motion for New Trial and in Arrest of Judgment.  The trial judge granted the Office of the Public Defender leave to file additional reasons to support the motion after reviewing the transcript.  Consequently, on October 1, 1981, a second Motion for a New Trial and/or Arrest of Judgment was filed.  This motion was filed by private attorney Paul Gettleman, who also filed a Supplemental Motion for a New Trial and/or Arrest of Judgment.  On October 18, 1982, the trial court denied Petitioner's post trial motions.  On December 9, 1982, Petitioner was sentenced to life imprisonment.

On December 16, 1982, Petitioner filed a Notice of Appeal from his judgment of sentence.  On February 9, 1984, the Trial Court filed its Opinion wherein it held that Petitioner's claims were without merit.  The Superior Court affirmed the judgment of sentence by Memorandum and *per curiam* Order dated December 14, 1984.  Petitioner filed a timely Petition for Allowance of Appeal

2

with the Supreme Court of Pennsylvania.   The Supreme Court of
Pennsylvania denied the Petition for Allowance of Appeal by
*per curiam* Order dated April 24, 1985.

On December 13, 1985, Petitioner filed a <u>pro</u> <u>se</u> Petition
under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541,
<u>et</u> <u>seq</u>. ("PCHA").   The Trial Court denied the PCHA petition by
Order dated November 25, 1986.   Petitioner filed a timely appeal
from this decision to the Pennsylvania Superior Court.   The
Superior Court affirmed the judgment of the Trial Court by Order
and Memorandum dated March 1, 1988.   That Court also granted
counsel leave to withdraw.   It does not appear that an appeal
from the judgment of the Superior Court was made on Petitioner's
behalf to the Supreme Court of Pennsylvania.

On January 8, 1993, Petitioner, through counsel
David O'Hanesian, filed a Motion for Post-Conviction Relief
("PCRA"), 42 Pa.C.S. § 9541.   Petitioner filed a Supplemental
Motion for Post Conviction Relief on August 27, 1993.   On
October 6, 1995, the Trial Court denied Petitioner's PCRA
Petition.   Petitioner, through counsel Shirley Novak, filed a
Notice of Appeal to the Pennsylvania Superior Court.   On
January 13, 1997, the Superior Court affirmed the judgment of the
Trial Court, which denied the PCRA Petition.   Petitioner appealed
this decision to the Supreme Court of Pennsylvania and on May 21,

3

1997, the Supreme Court of Pennsylvania denied the appeal by
*per curiam* Order.

On March 30, 1998, Petitioner filed a federal Petition
for Writ of Habeas Corpus in this Court, which was docketed at
Civil Action No. 98-596. On November 30, 1998, a Report and
Recommendation was filed that recommended that the Petition be
dismissed because it contained both exhausted and unexhausted
claims. On February 4, 1999, Petitioner's Motion to Withdraw his
Petition without Prejudice was granted by the District Court.

On January 12, 2000, Petitioner filed the instant Petition
for Writ of Habeas Corpus in this Court. It does not appear from
the record that Petitioner attempted to present any of his
unexhausted claims to the Pennsylvania state courts after his
Motion to Withdraw his Petition without Prejudice was granted on
February 4, 1999.

**B.   Time Period for Filing Federal Habeas Corpus Petitions**

Respondent Commonwealth first asserts that the instant
Petition should be dismissed as untimely under the one-year
limitations period applicable to federal habeas corpus petitions.
In making this assertion, Respondent relies on the amendments to
the federal habeas corpus law that were enacted as part of the
Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),
Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996).
In section 101 of AEDPA, Congress imposed a new, one-year

4

limitations period applicable to state prisoners, which provides
as follows.

> (d)   (1)   A 1-year period of limitation shall
> apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation
> period shall run from the latest of--
>
>> (A) the date on which the judgment
>> became final by the conclusion of direct
>> review or the expiration of the time for
>> seeking such review;
>>
>> (B) the date on which the impediment to
>> filing an application created by State
>> action in violation of the Constitution
>> or laws of the United States is removed,
>> if the applicant was prevented from
>> filing by such State action;
>>
>> (C) the date on which the constitutional
>> right asserted was initially recognized
>> by the Supreme Court, if the right has
>> been newly recognized by the Supreme
>> Court and made retroactively applicable
>> to cases on collateral review;  or
>>
>> (D) the date on which the factual
>> predicate of the claim or claims
>> presented could have been discovered
>> through the exercise of due diligence.
>
> (2)   The time during which a properly filed
> application for State post-conviction or
> other collateral review with respect to
> the pertinent judgment or claim is
> pending shall not be counted toward any
> period of limitation under this
> subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus
has been timely filed under the new one-year limitations period,

5

a federal court must undertake a two-part inquiry.  First, the court must determine the date that the petitioner's direct review became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the Court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).

Petitioner was sentenced on December 9, 1982; the Superior Court affirmed his judgment of sentence on December 14, 1984, and the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on April 24, 1985.  Consequently, with respect to the limitations period under AEDPA, direct review of Petitioner's conviction and sentence concluded on or about July 24, 1984, following the expiration of the ninety-day time period allowed for filing a writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions).

Petitioner's judgment became final in 1984, long before the effective date of the AEDPA.  In Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998), the United States Court of Appeals for the

Third Circuit agreed with other courts of appeals in holding that
the new one-year limitations period in the AEDPA became effective
on the effective date of the AEDPA statute, *i.e.*, April 24, 1996.
Consequently, the Court held that "habeas petitions filed on or
before April 23, 1997, may not be dismissed for failure to comply
with § 2244(d)(1)'s time limit."

Notwithstanding, Petitioner did not file his federal Habeas
Petition by April 23, 1997; instead, his current Petition was not
filed in this Court until January 12, 2000.  Consequently, this
Court must determine whether Petitioner can take advantage of the
"tolling" provision in section 2244(d)(2).

As stated above, section 2244(d)(2) provides that "[t]he
time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted
toward any period of limitation under this subsection."
28 U.S.C. § 2244(d)(2).[1]  With respect to the instant Petition,
the state court records reveal that Petitioner was pursuing his
state PCRA proceeding from January 6, 1993 through May 21, 1997.
Even adding the ninety-day time period in which he could have

---

[1] In <u>Lovasz v. Vaughn</u>, 134 F.3d 146 (3d Cir. 1998), the Court of
Appeals for the Third Circuit addressed the question of what constitutes a
"properly filed application" under the AEDPA.  In <u>Lovasz</u>, our Circuit determined
that " 'a properly filed application' is one submitted according to the state's
procedural requirements, such as the rules governing the time and place of
filing."  *Id.* at 148.

7

petitioned the United States Supreme Court for certiorari,[2]
Petitioner's post-conviction proceedings concluded on or about
August 21, 1997.[3]  Consequently, Petitioner had until August 21,
1998 to file his petition for writ of habeas corpus in federal
court.  As stated above, Petitioner's current habeas corpus
Petition was filed on January 12, 2000, almost sixteen months
following the expiration of his one-year limitations period.
Although Petitioner was pursuing his prior federal habeas corpus
Petition at Civil Action No. 98-596 during this time period, the
Third Circuit, as well as the Fifth and Ninth Circuits, have held
that the time period that a federal habeas corpus petition is
pending does not toll the limitations period under section
2244(d)(2).  *See* Jones v. Morton, 195 F.3d 153, 159 (3d Cir.
1999); Jiminez v. Rice, 222 F.3d 1210, 1213 (9th Cir. 2000);
Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999).[4]

---

[2]  Our Circuit has not yet considered the issue whether "pending"
under section 2244(d)(2) includes the time to file a petition for a writ of
certiorari in the United States Supreme Court.  However, every court of appeals
that has considered this issue has concluded that there is no tolling during that
time period.  *See* Isham v. Randle, 226 F.3d 691, 694 (6th Cir. 2000); Coates v.
Byrd, 211 F.3d 1225 (11th Cir. 2000); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.
1999), *cert. denied*, 120 S.Ct. 1834 (2000); Rhine v. Boone, 182 F.3d 1153, 1155
(10th Cir.), *cert. denied*, 120 S.Ct. 808 (2000).  *See also* Jiminez v. Rice,
222 F.3d 1210, 1213 (9th Cir. 2000) (citing cases with approval and holding
that the time a federal habeas corpus petition is pending does not toll the
limitations period).  In the instant case, this Court need not decide the issue
as resolution of the matter does not effect the outcome.

[3]  *See* Swartz, 204 F.3d at 420 (holding that the one-year period of
limitations was tolled from the date AEDPA took effect until petitioner's state
PCRA petition was no longer pending).

[4]  *But see* Walker v. Artuz, 208 F.3d 357, 359-61 (2d Cir. 2000)
(holding that section 2244(d)(2) does toll the limitations period while a federal
petition is pending), *cert. granted*, Duncan v. Walker, 121 S.Ct. 480 (Nov. 13,
(continued...)

8

Review of the state court record reveals that Petitioner's Petition for writ of habeas corpus was not timely filed.[5] Accordingly, the Petition should be dismissed as untimely in accordance with the directives in 28 U.S.C. § 2244(d).

## C.  **Certificate of Appealability**

Section 102 of the AEDPA, 28 U.S.C. § 2253(c), as amended, codified the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Petitioner does not make the required substantial showing.  Accordingly, a certificate of appealability should be denied.

## III. <u>CONCLUSION</u>

For the foregoing reasons, it is recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

---

[4] (...continued)
2000); <u>Petrick v. Martin</u>, 236 F.3d 624 (10th Cir. 2001) (same).

[5]  In his Brief in Response to the Commonwealth's Answer, Petitioner provides that he was unable to comply with the one-year limitations period because he was on pyschotropic medication from the time period between December 30, 1998 through November 20, 1999.  Even assuming the truth of this unsupported statement, this time period is after the expiration of Petitioner's one-year limitation period, and, therefore, does not provide any equitable basis for tolling.

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

ILA JEANNE SENSENICH
U.S. Magistrate Judge

Dated:  March 6, 2001

cc:  The Honorable Robert J. Cindrich
     United States District Judge

     Lawrence Eggleston, AP-6355
     S.C.I. Frackville
     1111 Altamont Boulevard
     Frackville, PA  17931
     (CERTIFIED MAIL, RETURN RECEIPT REQUESTED)

     Ronald W. Wabby, Jr.
     Office of the District Attorney
     County of Allegheny
     401 Allegheny County Courthouse
     Pittsburgh, PA  15219

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASE CLOSED

LAWRENCE EGGLESTON,                    )
                        Petitioner     )
                                       )
            vs.                        )  Civil Action No. 00-102
                                       )  Judge Robert J. Cindrich/
JOSEPH CHESNEY,                        )  Magistrate Judge Sensenich
                        Respondent     )

MEMORANDUM ORDER

14

        Petitioner's petition for writ of habeas corpus was received by the Clerk of Court on January 18, 2001 and was referred to United States Magistrate Judge Ila Jeanne Sensenich for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

        The magistrate judge's report and recommendation, filed on March 6, 2001, recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.  The parties were allowed ten (10) days from the date of service to file objections.  Service of report and recommendation was made on petitioner at SCI Frackville and on counsel for respondent.  After review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

        AND NOW, this ___30___ day of ___March___, 2001;

        IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is dismissed as untimely;

IT IS FURTHER ORDERED that a certificate of appealability is denied.

The report and recommendation of Magistrate Judge Sensenich, dated March 6, 2001, is adopted as the opinion of the court.

Robert J. Gindrich
United States District Judge

cc:   Ila Jeanne Sensenich
      U.S. Magistrate Judge

      Lawrence Eggleston, AP-6355
      SCI Frackville
      1111 Altamont Boulevard
      Frackville, PA 17931

      Ronald M. Wabby, Jr.,
      Assistant District Attorney
      Office of the District Attorney
      401 Allegheny County Courthouse
      Pittsburgh, PA 15219

2

# EXHIBIT 4

DLD-161                                          March 14, 2013
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **13-1578**

In re:  LAWRENCE EGGLESTON, Petitioner

Present:        AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

Submitted is Petitioner's application pursuant to 28 U.S.C. § 2244 to file a second or successive habeas corpus petition

in the above-captioned case.

Respectfully,

Clerk

MMW/TRA/mb

_____ORDER_____

The application under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive petition under 28 U.S.C. § 2254 is denied.  A second or successive petition must be certified by a court of appeals to contain newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2244(b)(2). Eggleston does not seek to challenge his judgment of conviction or sentence in reliance on a new rule of constitutional law.  He also does not meet his burden to show that the factual predicate for his claims "could not have been discovered previously through the exercise of due diligence," and that the facts underlying his claims, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B)(i-ii).

By the Court,

/s/D. Brooks Smith
Circuit Judge

Dated:        March 28, 2013
MB/cc:        Lawrence Eggleston
              District Attorney Allegheny County

**A True Copy:**

*Marcia M. Waldron*

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.